NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABDELLAHI JEDDOU, <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF DELANEY HALL DETENTION CENTER, *et al.*, <br><br> Respondents. | Case No. 2:26-cv-01203 (BRM) <br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Abdellahi Jeddou's ("Petitioner") letter arguing the immigration judge ("IJ") made an "arbitrary decision" to deprive Petitioner the opportunity to testify at his Court ordered bond hearing and seeking immediate release from custody. (ECF No. 10.) Respondents filed a letter response (ECF No. 12), and Petitioner filed a letter reply (ECF No. 13). Having reviewed and considered the parties' submissions filed in connection with the letter seeking immediate release, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's letter request seeking release is **DENIED**.

## I.   BACKGROUND

Petitioner, a citizen of Mauritania, entered the United States without inspection in November 2023. (ECF No. 7 at 1.) On February 5, 2026, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents. (*Id.*) Petitioner has been in ICE detention since his arrest. Following Petitioner's arrest and detention by ICE, he was detained without an

individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On February 6, 2026, Petitioner filed his Petition arguing 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an IJ, applied to his detention. (ECF No. 1.) Following the Court's Order to Answer, Respondents submitted a response to the Petition on February 24, 2026. (ECF No. 7.)

On February 25, 2026, the Court issued a Memorandum Opinion and Order granting the Petition, finding Petitioner detained under 28 U.S.C. § 1226(a), and ordering Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge . . . [to] assess whether [Petitioner] presents a flight risk or a danger to the community." (ECF No. 8 at 4.)

On March 5, 2026, Respondents informed the Court that on March 4, 2026, Petitioner was provided with an individualized bond hearing, where the IJ denied Petitioner bond, finding him to be a flight risk. (ECF No. 9.) On March 6, 2026, Petitioner filed his letter challenging the legality of the bond hearing, arguing the IJ's decision was "arbitrary." (ECF No. 10 at 1.) Petitioner argues the IJ refused to allow him to testify. (*Id.*)

Respondents filed a response, arguing Petitioner has failed to show his bond hearing was "fundamentally unfair." (*See* ECF No. 12.) Petitioner replied. (ECF No. 13.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's

2

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.    DECISION**

In his letter, Petitioner argues the IJ made an "arbitrary decision to deprive [Petitioner] of an opportunity to testify in support of the Bond request, thus failing to fulfill their duty to develop the record." (ECF No. 10 at 1.) Petitioner claims the "absence of testimony left the record undeveloped, and thus the judge did not have sufficient evidence to make a finding that Mr. Jeddou is a danger to property and the community and that he is a flight risk." (*Id.*)

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Ghanem*, 2022 WL 574624, at *2. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id*. (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

The Court has reviewed the bond hearing transcript and finds Immigration Judge Shana Chen ("Judge Chen") did not abuse her discretion in deeming Petitioner had not met his burden of proving he was not a flight risk or a danger to the community. As noted above, Petitioner appeared before Judge Chen on March 4, 2026. Judge Chen concluded Petitioner failed to establish he was

not a danger to the community and denied Petitioner bond. (*See generally* ECF No. 12-1.) Judge Chen first secured a Hassaniya Arabic interpreter for Petitioner. (*Id.* at 6–7.) Judge Chen then heard argument from Petitioner's counsel regarding Petitioner's asylum application and the alleged lack of probable cause surrounding his detention. (*Id.* at 8.) Petitioner's counsel stated that if allowed, Petitioner would testify regarding his communal ties, family ties, and employment history. (*Id.*)

Judge Chen noted Petitioner failed to submit any documentary evidence in support of his bond application. (*Id.* at 8–9.) Petitioner's counsel requested Petitioner be permitted to testify, indicating the short time between this Court's order instructing the immigration court to hold a bond hearing and the actual bond hearing made it difficult to provide documentary evidence to the IJ. (*Id.* at 9.) Judge Chen responded counsel had submitted the motion for a bond hearing, yet failed to provide any documentary evidence. (*Id.*) Judge Chen explained Petitioner bore the burden of proof, and the judge was not inclined to listen to Petitioner "tell [the judge] about all of his virtues when [the judge would] have no documentary evidence to support that." (*Id.* at 9–10.) Judge Chen explained even if Petitioner testified, he could not meet his burden of proof without evidence. (*Id.* at 10.)

Judge Chen noted Petitioner has two sons in Mauritania, he is single, and that was all the information she had. (*Id.* at 15.) The IJ found it "disingenuous" that Petitioner did not have time to provide the IJ with evidence, as he had filed his habeas petition a month prior. (*Id.* at 17.) Judge Chen noted Petitioner had only been in the country for a little over two years and had failed to meet his burden of proving he was not a flight risk. (*Id.* at 18.) Additionally, Judge Chen noted Petitioner had been arrested by the Nassau County Police Department for reckless endangerment of property, and Petitioner failed to provide any evidence regarding the arrest. (*Id.*) Judge Chen

found Petitioner "failed to establish that he does not pose a danger to the community, that means persons or property." (*Id.*)

Petitioner's challenge to Judge Chen's findings is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion on whether Judge Chen came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any challenge to Judge Chen's denial of bond must be presented to the Board of Immigration Appeals.[1]

## IV.  CONCLUSION

For the reasons set forth above, the letter request for immediate release (ECF No. 10) is **DENIED**. An appropriate Order accompanies this Opinion.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 14, 2026

---

[1] The Court notes it previously ordered the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an administratively final order of removal. As such, Petitioner may file a request for a bond redetermination before an immigration judge.